Paul D. Powell, Esq. (SBN 7488)
Ryan T. O'Malley, Esq. (SBN 12461)
Tom W. Stewart, Esq. (SBN 14280)
Jared D. Powell, Esq. (SBN 15086)
**THE POWELL LAW FIRM**
8918 Spanish Ridge Avenue, Suite 100
Las Vegas, Nevada 89148
paul@tplf.com | romalley@tplf.com
tstewart@tplf.com | jared@tplf.com
Phone (702) 728-5500 | Fax (702) 728-5501
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO BARRERA, individually, ) | CASE NO. 2:19-cv-02068-JCM-DJA |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| ALBERTSONS, LLC, a foreign limited liability ) | **JOINT PRETRIAL ORDER** |
| company dba ALBERTON'S; DOES I-X, and ROE ) | |
| CORPORATIONS, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

After pretrial proceedings in this cause,

IT IS SO ORDERED:

## I.
## NATURE OF THE ACTION

This is an action for: an incident that occurred on July 28, 2019 at the Albertsons LLC Grocery Store, located at 1940 Village Center Circle, Las Vegas, NV 89134 (the "Premises"). Plaintiff alleges that he slipped and fell on a wet, slippery substance on the floor of Defendant's property as he was shopping ("Subject Accident"). As a result of the slip and fall, Plaintiff Roberto Barrera allegedly sustained injuries and damages as indicated below.

**Plaintiff's Contentions:** Plaintiff contends on or around July 28, 2019, Plaintiff was lawfully on Defendant's property. Defendant maintains and was in control of the property. Plaintiff slipped and fell on

a wet, slippery substance on the floor of Defendant's property and was seriously injured. Plaintiff ultimately underwent a bilateral C3-4, C4-5, and L5-S1 epidural steroid injections in October 2019 and later an L3-4, L4-5, and L5-S1 discography in December 2020, but continues to treat for his injuries. Plaintiff also contends that Defendant's negligence was the actual proximate cause of Plaintiff's physical injuries. Finally, Plaintiff contends an incurred pecuniary loss, medical expenses, and pain and suffering as a result of the accident. Plaintiff will continue to accrue pain and suffering, and future medical bills.

**Defendant's Contentions:**  Defendant contends that it did not have actual or constructive notice of the wet substance on the floor as no one apprised Defendant of the condition and such condition did not exist when Defendant had performed its timely sweeps of the store to look for and clean up such potential conditions. Defendant further contends that Plaintiff's complained of injuries and past and future damages were not all caused by the Subject Accident.

## II.

## STATEMENT OF JURISDICTION

Defendant removed this action to the United States District Court from the District of Nevada on December 3, 2019, pursuant to 28 U.S.C. § 1441(b).  Defendants' removal of this action was timely pursuant to 28 U.S.C. § 1446(b)(3).

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff is and was at all relevant times a domiciliary of the State of Nevada, the amount in controversy exceeds $75,000.00 exclusive of costs and interest, and Defendant is and was at all relevant times a corporation duly incorporated in the state of Delaware and with a principal place of business in the State of Delaware.

The parties admit that the venue is properly laid in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2).

## III.
## ADMITTED FACTS

The following facts are admitted by the parties and require no proof:

1. On or about July 29, 2019, Defendant ALBERTSONS, LLC owned and operated the ALBERTSONS'S grocery store located at 1940 Village Center Circle, Las Vegas, NV 89134, located in Clark County, Nevada.

2. On or about July 29, 2019, Plaintiff Roberto Barrera was lawfully present at the ALBERTSONS Grocery store located at 1940 Village Center Circle, Las Vegas, Nevada, located in Clark County.

## IV.
## UNCONTESTED FACTS

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

1. On July 29, 2019, as he was shopping, Plaintiff ROBERTO BARRERA slipped and fell in a clear liquid that was on the floor of the "GM (Hair Care)" aisle.

## V.
## CONTESTED FACTS

The following are issues of facts to be tried and determined upon trial:

1. Whether Defendant knew or should have known, that the floor was wet;

2. Whether Defendant failed to properly warn Plaintiff of a wet floor;

3. Whether Defendant ALBERTSONS LLC was negligent;

4. Whether Plaintiff ROBERTO BARRERA sustained injuries as a result of slipping and falling on the clear liquid;

5. Whether Plaintiff was injured as a result of negligence on behalf of Defendant Albertsons, LLC.

6. The nature and extent of injuries sustained by Plaintiff ROBERTO BARRERA;

7. Whether Defendant's alleged failure to warn Plaintiff of a wet floor was a substantial factor in legally and proximately causing Plaintiff's complained injuries.

8. Whether Plaintiff's medical expenses were necessarily incurred as a result of the Incident.

9. Whether such medical expenses were reasonable and customary.

10. Whether Plaintiff's future medical treatment is a direct and proximate cause of the negligence on behalf of Defendant Albertsons, LLC.;

11. Whether Plaintiff will be reasonably certain to incur medical expenses in the future as a result of the Incident.  If so, whether such future medical expenses are reasonable and customary.

12. Whether Plaintiff's past and future pain and suffering is related to his injuries as a result of negligence on behalf of Defendant Albertsons, LLC.;

13. Whether Plaintiff's loss of enjoyment of life is as a result of negligence on behalf of Defendant Albertsons, LLC.;

14. Whether Plaintiff's loss of society and relationship is as a result of negligence on behalf of Defendant Albertsons, LLC.;

15. Whether Plaintiff is entitled to general damages, including pain and suffering, as a result of the Incident.

16. Whether Plaintiff was negligent.

17. Whether Plaintiff's own conduct was a substantial factor in causing him to complain of injuries and damages.

18. Whether Plaintiff's own conduct contributed more to his alleged injuries than Defendant's alleged negligence.

19. Whether Plaintiff mitigated his injuries and damages.

20. Whether Plaintiff had a pre-existing condition or disability on July 29, 2019.

## VI.
## ISSUES OF LAW

The following are the issues of law to be tried and determined upon trial (each issues of law must be stated separately and in specific terms):

1. Whether Defendant was negligent.

- 4 -

2. The amount of negligence, if any, attributable to each party in this litigation.

3. Whether the subject incident was the proximate cause of Plaintiff's claimed damages, as well as the extent of said damages.

## VII.
## EXHIBITS

**(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

| MARKED EXHIBIT | DESCRIPTION | BATES |
|---|---|---|
| | Records from Tropicana West Chiropractic | |
| | Records from Interventional Pain & Spine Institute | |
| | Records from Pueblo Medical Imaging | |
| | Records from Surgical Arts Center | |
| | Records from Las Vegas Neurosurgical Institute | |
| | Records from General Vascular Specialists | |
| | Records from Las Vegas Radiology | |
| | Records from First Physical Therapy | |
| | Records from Intermountain Healthcare | |
| | Billing from Tropicana West Chiropractic | |
| | Billing from Interventional Pain & Spine Institute | |
| | Billing from Pueblo Medical Imaging | |
| | Billing from Surgical Arts Center | |
| | Billing from Las Vegas Neurosurgical Institute | |
| | Billing from General Vascular Specialists | |
| | Billing from Las Vegas Radiology | |
| | Billing from First Physical Therapy | |
| | Billing from Intermountain Healthcare | |
| | Billing from CVS Pharmacy | |
| | Billing from Las Vegas Pharmacy | |
| | Billing from Lien RX | |
| | Plaintiff Roberto Barrera's Answers to Defendant Albertsons First Set of Interrogatories | |
| | Plaintiff Roberto Barrera's Responses to Defendant Albertsons' First Set of Requests to Produce | |
| | Plaintiff Roberto Barrera's Supplemental Answers to Defendant Albertsons First Set of Interrogatories | |

|  | Plaintiff Roberto Barrera's Supplemental Responses to Defendant Albertsons' First Set of Requests to Produce |  |
|---|---|---|
|  | Defendant Albertson's, LLC's Responses to Plaintiff's First Set of Requests for Admissions |  |
|  | Defendant Albertson's, LLC's Responses to Plaintiff's First Set of Interrogatories |  |
|  | Defendant Albertson's, LLC's First Supplemental Responses to Plaintiff's First Set of Interrogatories |  |
|  | Surveillance | ALB00001 |
|  | Customer Incident Report (Redacted) | ALB00008 |
|  | Employee Witness Statement (Redacted) | ALB00009 |
|  | Incident Report (Redacted) | ALB00010-00011 |
|  | Sweep Sheets | ALB00012-00014 |

Defendants stipulate that the medical bills and records disclosed by Plaintiff in this matter are authentic and, therefore, Plaintiff will not be required to call the Custodian of Records to testify as to authenticity. However, Defendants do not stipulate that the medical treatments and bills are reasonable, customary, and causally related to Plaintiff's injuries at issue.

(b) As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:

**1. Plaintiff's Exhibits and Defendant's Objections thereto:**

|  | DESCRIPTION | DEFENDANT'S OBJECTIONS |
|---|---|---|
| 1. | Summary of Charges for Plaintiff | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403]<br>Calls for Expert Testimony [FED. R. EVID. 702] |
| 2. | Photo of Thumb | Authentication [FED. R. EVID. 901]<br>Hearsay [FED. R. EVID. 802]<br>Foundation [FED. R. EVID. 602]<br>Calls for Expert Testimony [FED. R. EVID. 702] |
| 3. | Photo of Puddle | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |

| | | |
|---|---|---|
| 4. | Three (3) photos of an accident scene from Plaintiff's subsequent accident | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403]<br>Calls for Expert Testimony [FED. R. EVID. 702] |
| 5. | ALB00006-00007: Review of Surveillance | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| 6. | ALB00002-00005: Photos | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |

Plaintiff reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of impeachment.

Plaintiff reserves the right to utilize and/or seek to publish and/or admit into evidence all deposition testimony, all affidavits filed or attached to any motion or pleading in this case, and all responses to discovery from any party in this case for purposes of impeachment.

Plaintiff reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purposes of rebuttal.

Plaintiff reserves the right to offer into evidence any exhibit offered by any other parties to this action.

In addition to the above objections:

a. Defendant reserves the right to make further objections regarding Plaintiff's proposed exhibits, including objections under FED. R. CIV. P. 402 and FED. R. CIV. P. 403.

b. Defendant further objects to the extent that any exhibits involve matters in violation of any orders of the Court.

c. Defendant reserves the right to supplement or amend its objections as exhibits are introduced

and to the extent that additional documents/exhibits, if any, are identified.

  d. Defendant objects to all disclosures which are not properly authenticated at the time of trial.

**Plaintiff's Use of Demonstrative Exhibits & Defendant's Objections:**

Plaintiff may offer, at trial, certain Exhibits for demonstrative purposes including, but not limited to the following:

  1. Demonstrative and charts relating to Plaintiff's damage claims;

  2. Story board and computer digitized power point images;

  3. Blow-ups/transparencies/digitized images of various records; and

  4. Plaintiff reserves the right to offer into evidence any exhibit timely and properly disclosed during discovery for the purpose of demonstration at trial. Additionally, Plaintiff reserves the right to offer into evidence any exhibit offered by any other parties to this action.

Defendant objects to the use of any demonstrative exhibit that is not shown at least 72 hours prior to it being shown to the jury, other than an enlargement of an admitted exhibit. While Defendant agrees to take up any objections to the demonstrative exhibits outside of the presence of the jury with the Court, Defendant at this time lodges objections as to any demonstrative exhibit that it has been unable to review as being relevant, lacks foundation, includes unauthenticated matter, contains inadmissible hearsay, and/or includes an improper summary. To the extent that Plaintiff utilizes any exhibit that is not stipulated to, Defendant reserves its objections lodged thereto.

  **2. Defendant's Exhibits and Plaintiff's Objections thereto:**

| BATES NO. | DESCRIPTION | PLAINTIFF'S OBJECTIONS |
| --- | --- | --- |
| ALB00020-00061 | Sweep Log Report 7/21/2019 to 8/4/2019 | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403]<br>Calls for Expert Testimony [FED. R. EVID. 702] |
| ALB00062-00065 | Time and Attendance Report | Authentication [FED. R. EVID. |

- 8 -

| BATES NO. | DESCRIPTION | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| | | 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| ALB00377-00380 | Loss Run Report [Redacted] | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| ALB00390-00427 | Interventional Pain & Spine Clinic | Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| ALB00428-00497 | Las Vegas Neurological Institute | Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| ALB00498-00499 | Las Vegas Pharmacy | Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| ALB00500-00501 | LienRx Account statement 11-06-20 | Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| ALB00502-00518 | Pueblo Medical Imaging | Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| ALB00519-00585 | Surgical Arts Center | Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| ALB00586-00726 | Tropicana West Chiropractor | Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| ALB00727-00745 | General Vascular Specialists | Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403] |
| ALB00746-00750 | Dr. Wang Medical Examination and Record Review Report | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802] |

| BATES NO. | DESCRIPTION | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| | | Relevance / Prejudicial [FED. R. EVID. 402-403]<br>Calls for Expert Testimony [FED. R. EVID. 702] |
| | Dr. Wang Updated Curriculum Vitae 2021 | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403]<br>Calls for Expert Testimony [FED. R. EVID. 702] |
| | Dr. Wang Updated Fee Schedule 2021 | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403]<br>Calls for Expert Testimony [FED. R. EVID. 702] |
| | Dr. Wang Updated Testimony List 2021 | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403]<br>Calls for Expert Testimony [FED. R. EVID. 702] |
| | Mr. Opfer Updated Curriculum Vitae 2021 | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403]<br>Calls for Expert Testimony [FED. R. EVID. 702] |
| | Mr. Opfer Updated Fee Schedule 2021 | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602]<br>Hearsay [FED. R. EVID. 802]<br>Relevance / Prejudicial [FED. R. EVID. 402-403]<br>Calls for Expert Testimony [FED. R. EVID. 702] |
| | Mr. Opfer Updated Testimony List 2021 | Authentication [FED. R. EVID. 901]<br>Foundation [FED. R. EVID. 602] |

| BATES NO. | DESCRIPTION | PLAINTIFF'S OBJECTIONS |
|---|---|---|
| | | Hearsay [FED. R. EVID. 802] Relevance / Prejudicial [FED. R. EVID. 402-403] Calls for Expert Testimony [FED. R. EVID. 702] |
| | Mr. Opfer Initial Report 4/21/21 | Authentication [FED. R. EVID. 901] Foundation [FED. R. EVID. 602] Hearsay [FED. R. EVID. 802] Relevance / Prejudicial [FED. R. EVID. 402-403] Calls for Expert Testimony [FED. R. EVID. 702] |

**(c) Whether the parties intend to present electronic evidence for purposes of jury deliberations:**

Plaintiff will submit electronic evidence to the jury for utilization in the jury room during their deliberations.

Defendant intends to present evidence in the form of jpegs, pdfs, etc., to jurors for the purposes of jury deliberations. Although it is not known at this time which exhibits will be electronically presented, Defendant will provide electronic evidence in an electronic format compatible with the Court's electronic jury evidence display system. Defendant will contact the courtroom administrator for instructions about how to prepare evidence in an electronic format and other requirements for the Court's electronic jury evidence display system.

**Defendant's Use of Demonstrative Exhibits & Plaintiff's Objections:**

Defendant intends to identify and allow for inspection any demonstrative exhibits planned to be used at the time of trial seventy-two (72) hours before the commencement of trial. Defendant agrees to take up any objections to the demonstrative exhibits outside of the presence of the jury with the Court. In the event a Party wishes to make changes to or use a different/additional demonstrative exhibit as trial progresses, Defendant agrees that the Parties should inform the opposing Party twenty-four (24) hours

before presenting and, if the opposing Party does agree with the presentation of said demonstrative exhibit, the Court shall decide whether the demonstrative exhibit may be presented.

**Other Agreements Regarding Exhibits:**

With the exception of exhibits to be used solely for impeachment, Defendant requests that each evening by 8:00 p.m., they will exchange the exhibits that they plan to use the following day so that any exhibit disputes/objections can be addressed by the Court each morning before trial resumes. In addition, the parties will identify each witness that they intend to call at trial not less than 24 hours prior to calling each witness to testify. The failure to abide by these deadlines does not preclude either party from moving for the admission of other exhibits and/or calling a different witness when such timeline cannot be abided by.

**(d) Depositions:**

**(1) Plaintiff will offer the following depositions:**

    **a.** Plaintiff intends to offer live testimony of designated witnesses at trial. In the event that Plaintiff is unable to call a witness and must offer deposition testimony in lieu of live testimony, Plaintiff reserves the right to supplement this Pre-Trial Order to designate deposition testimony to be used at trial.

**(2) Defendant will offer the following depositions:**

    **a.** Roberto Barrera

**(e) Objections to Depositions:**

**(1) Defendant objects to Plaintiff's depositions as follows:**

Without having the opportunity to be disclosed of any deposition testimony and/or excerpts thereof, Defendant reserves the right to lodge objections to said testimony upon disclosure of the same.

**(2) Plaintiff objects to Defendant's depositions as follows:**

Without having the opportunity to be disclosed of any deposition testimony and/or excerpts thereof, Plaintiff reserves the right to lodge objections to said testimony upon disclosure of the same.

**(3) Other agreements as to objections to deposition use:**

The parties agree to provide page and line designations of witnesses' depositions that will be played or read in at trial no later than 30 days prior to the trial date. Objections and counter-designations will be due 7 days following the initial designations.

## VIII.
## WITNESSES

The following witnesses may be called upon by the parties at trial:

**(a)** <u>**Plaintiff's Witnesses:**</u>

1. ROBERTO BARRERA
   c/o Paul D. Powell, Esq.
   Jared D. Powell, Esq.
   The Powell Law Firm
   8918 Spanish Ridge Avenue, Suite 100
   Las Vegas, Nevada 89148

2. ALBERTSONS LLC
   c/o Jack P. Burden, Esq.
   Shea M. Backus, Esq.
   Jacquelyn Franco, Esq.
   Backus, Carranza & Burden
   3050 South Durango Drive
   Las Vegas, Nevada 89117

3. Vicki Bolton
   Personal Contact Information Unknown
   c/o Albertsons Store #3333
   1940 Village Center Cir.
   Las Vegas, Nevada 89134

4. William G. Leavitt DC
   David Juarez
   Person Most Knowledgeable and/or
   Custodian of Records
   Tropicana West Chiropractic
   6819 West Tropicana Ave. Suite 100
   Las Vegas, Nevada 89103

5. Stuart Baird, MD
   Jorg Rosler, MD

- 13 -

```
            Custodian of Records
            Interventional Pain & Spine Institute
            851 S. Rampart Blvd., Suite 100
            Las Vegas, Nevada 89145

    6.      Keith M. Lewis, MD
            Justin Puopolo DO
            Matt Treinen DO
            Micah Nielsen MD
            Nader Beheshti MD
            Person Most Knowledgeable and/or
            Custodian of Records
            Pueblo Medical Imaging
            8551 W. Lake Mead Blvd., Ste. 150
            Las Vegas, Nevada 89128

    7.      Jorg Rosler, MD
            Stuart Baird, MD
            Person Most Knowledgeable and/or
            Custodian of Records
            Surgical Arts Center
            9499 W Charleston Blvd., Ste 250
            Las Vegas, Nevada 89117

    8.      Jason Garber, MD
            Person Most Knowledgeable and/or
            Custodian of Records
            Las Vegas Neurological Institute
            3012 S Durango Dr
            Las Vegas, Nevada 89117

    9.      Earl Cottrell, MD
            Person Most Knowledgeable and/or
            Custodian of Records
            General Vascular Specialists
            7200 Cathedral Rock Dr Ste 130
            Las Vegas, Nevada 89128

    10.     Person Most Knowledgeable and/or
            Custodian of Records
            Las Vegas Pharmacy
            260 W. Sahara Ave., #120
            Las Vegas, Nevada 89102

    11.     Person Most Knowledgeable and/or
            Custodian of Records
            Lien RX
            1901 East Voorhees Street
```

Danville, Illinois 61834

12. Bhuvana P. Kittusamy, MD
    Person Most Knowledgeable and/or
    Custodian of Records
    Las Vegas Radiology
    7500 Smoke Ranch Road, Suite 100
    Las Vegas, Nevada 89128

13. Julian Penaranda
    Nicole Hoffman, MPT
    Joseph Scorza, PTA
    Person Most Knowledgeable and/or
    Custodian of Records
    First Physical Therapy
    1321 South Rainbow Boulevard, Suite 102
    Las Vegas, Nevada 89146

14. Person Most Knowledgeable and/or
    Custodian of Records
    CVS Pharmacy
    10400 West Charleston Boulevard
    Las Vegas, Nevada 89135

15. Son Bui, DO
    Miranda Aguirre, MA
    Kara Craig, MA
    Person Most Knowledgeable and/or
    Custodian of Records
    Intermountain Healthcare
    Healthcare Partners of Nevada
    700 East Warm Springs Road, Suite 110
    Las Vegas, Nevada 89119.

16. David Oliveri, M.D.
    851 S. Rampart Boulevard, Suite 115
    Las Vegas, Nevada 89145

17. Stan V. Smith, Ph.D.
    1165 N. Clark Street, Suite 600
    Chicago, Illinois

18. Jason E. Garber, M.D.
    3012 South Durango Drive
    Las Vegas, Nevada 89052

19. Brian Hinckley

        United Nissan
        3025 East Sahara Avenue
        Las Vegas, Nevada 89104
        (702) 591-3503

20.    James Chaisson
        1008 Arabian Sand Court
        Las Vegas, Nevada 89144
        (702) 686-0159

21.    Lisa Barrera
        309 Emerald Vista Way
        Las Vegas, Nevada 89144
        (702) 336-2215

22.    Dylan Barrera
        309 Emerald Vista Way
        Las Vegas, Nevada 89144
        (702) 336-2217

23.    Robert Jarrod
        United Nissan
        3025 East Sahara Avenue
        Las Vegas, Nevada 89104
        (702) 587-8426

24.    Danielle Du Fresne Arnold
        10026 Portula Valley Street
        Las Vegas, Nevada 89178
        (702) 321-6421

**(B)**    **Defendant's witnesses:**

1. Robert Barrera
   c/o Paul D. Powell, Esq.
   Jared D. Powell, Esq.
   THE POWELL LAW FIRM
   8918 Spanish Ridge Ave. #100
   Las Vegas, NV 89148
   Tel: 702.728.5500

2. Vicki Bolton
   Albertson's Store #3333
   1940 Village Center Circle,
   Las Vegas, NV 89134

    Tel: (702) 341-0308

3. Charles Clay
   Albertson's Store #3333
   1940 Village Center Circle,
   Las Vegas, NV 89134
   Tel: (702) 341-0308

4. Bryce Tomlinson
   2416 Ginger Lily Lane
   Las Vegas, NV 89134
   Tel: (702) 525-4261

5. Sean Yamaguchi
   Address: to be supplemented
   Tel: To be supplemented

6. Rick Sparrow
   Address: to be supplemented
   Tel: To be supplemented

7. Jody Wood, Corporate Witness for Albertsons LLC
   c/o Jack Burden, Esq.
   BACKUS, CARRANZA AND BURDEN
   3050 S. Durango Drive
   Las Vegas, NV 89117

8. Jeffery C. Wang, MD
   Chief, Orthopaedic Spine Service
   Co-Director USC Spine Center
   Professor of Orthopaedic Surgery and Neurosurgery USC Spine Center
   1450 San Pablo St., Suite 5400
   Los Angeles, CA  90033
   Office: (323) 442-5303

9. Neil Opfer
   1920 Placid Ravine
   Las Vegas, NV 89117
   Tel: (702) 341-5828

## IX.
## TRIAL DATE

The attorneys or parties have met and jointly offer these three trial dates:

1. June 6, 2022

2. June 13, 2022

3.  June 20, 2022

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed upon dates, if possible. If not, the trial will be set at the convenience of the Court's calendar.

## X.
## LENGTH OF TRIAL

It is estimated that the trial herein will take a total of 7-10 full days.

**APPROVED TO FORM AND CONTENT**

| DATED this 28th day of October 2021. | DATED this 28th day of October 2021. |
|---|---|
| The Powell Law Firm | Backus, Carranza & Burden |
| /s/ Tom W. Stewart<br>Paul D. Powell, Esq.<br>Nevada Bar No. 7488<br>Jared D. Powell, Esq.<br>Nevada Bar No. 15086<br>Ryan T. O'Malley<br>Nevada Bar No. 12461<br>Tom W. Stewart<br>Nevada Bar No. 14280<br>8918 Spanish Ridge<br>Las Vegas, Nevada 89148<br>Attorneys for Plaintiff | /s/ Jack P. Burden<br>Jack P. Burden, Esq.<br>Nevada Bar No. 6918<br>Shea M. Backus, Esq.<br>Nevada Bar No. 8361<br>Jacqueline Franco, Esq.<br>Nevada Bar No. 13484<br>3050 South Durango Drive<br>Las Vegas, Nevada 89117<br>Attorneys for Defendant |

## XI.
## ACTION BY THE COURT

This case is set for jury trial on the stacked calendar on July 11, 2022 at 9:00 a.m. . Calendar call will be held on July 5, 2022 at 9:00 a.m. in courtroom 6A.

DATED: November 3, 2021

_____
UNITED STATES DISTRICT JUDGE